**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GHASSAN SHAHIN and JAROSLAVA SHAHIN,

    Plaintiffs,

vs.

WELLS FARGO FINANCIAL NATIONAL BANK,

    Defendant.
_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## **VERIFIED COMPLAINT**

**COME NOW**, Plaintiffs, GHASSAN SHAHIN and JAROSLAVA SHAHIN (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, WELLS FARGO FINANCIAL NATIONAL BANK (hereafter "Defendant"), and state as follows:

## **PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## **JURISDICTION AND VENUE**

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violation of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Venue is proper in this District because the phone calls were received in this District and Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiffs are individuals residing in Pinellas County, Florida.

5. Defendant is a "persons" subject to regulations under 47 U.S.C. § 227(b)(1).

6. It is alleged by Defendant that Plaintiffs owe a debt to Defendant relating to a Wells Fargo/Mattress Firm Credit Card Account, Account No. ending in - 7807.

7. Plaintiffs revoked any prior express consent to contact Plaintiffs via cell phone or any other form of communication on June 26, 2014, when Plaintiffs advised Defendant to stop calling their cellular telephones via facsimile transmission to Defendant's, facsimile number, 888-257-7799.

8. All calls to Plaintiffs' cellular telephones were made after Plaintiffs revoked any "alleged" consent and without the "prior express consent" of Plaintiffs.

9. In addition to the request not to be contacted by Defendant, Plaintiffs' facsimile transmission directed Defendant to contact Plaintiffs' attorney and included the contact information for the law firm.

10. Despite receiving written revocation from Plaintiffs to stop calling Plaintiffs' cellular telephones, Defendant continued to call Plaintiffs' cellular telephones.

11. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling several times per day, and on back to back days, with such frequency as can be reasonably expected to harass.

12. Plaintiff, GHASSAN SHAHIN ("Mr. Shahin"), is the regular user and carrier of the cellular telephone numbers ending in -0524 and -0344, and was the called party and recipient

of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

13. Plaintiff, JAROSLAVA SHAHIN ("Mrs. Shahin"), is the regular user and carrier of the cellular telephone number ending in -5605, and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

14. Defendant knowingly or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted.

15. Defendant knowingly or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice that Plaintiffs were represented by an attorney and could readily ascertain the Firm's contact information.

16. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiffs' cellular telephones after Plaintiffs revoked any alleged consent for Defendant to contact Plaintiffs cellular telephones.

17. The following phone numbers, including, but not limited to, 855-766-5473 and 800-572-5879, are phone numbers Defendant used to call Plaintiffs' cellular telephones.

18. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiffs.

19. Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

20. Some of the representatives who called Plaintiffs' cellular telephones sounded like an artificial or pre-recorded voice.

21. Plaintiffs did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after Plaintiffs answered the telephone call.

22. Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

23. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

26. Plaintiffs incorporate all allegations in paragraphs 1-25 as if stated fully herein.

27. Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

28. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

29. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

30. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHAIN and JAROSLAVA SHAHIN, demand judgment against Defendant, WELLS FARGO FINANCIAL NATIONAL BANK, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiffs revocation;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

*[This space left blank intentionally]*

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____          _____
JAROSLAVA SHAHIN                                              GHASSAN SHAHIN

Date: August 15, 2017          **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**